UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO F. ANZALONE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2950** |
| **SEARS ROEBUCK AND CO., ET AL.** | **SECTION: "A" (4)** |

### ORDER

Before the Court is a **Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (R. Doc. 17)**, filed by Defendant, Sears Roebuck and Co., ("Sears") seeking an Order from this Court compelling Plaintiff, Antonino F. Anzalone, ("Anzalone") to respond to Rule 34 and Rule 33 discovery requests, as well as to grant reasonable attorney's fees and costs arising in connection with the instant motion. The motion is unopposed. The motion was noticed for submission on May 1, 2013 and considered on the briefs.

### I.   BACKGROUND

In this action Anzalone asserts that on August 11, 2011, he utilized a treadmill that had been purchased and/or repaired by the Sears when the treadmill malfunctioned. (R. Doc. 1-3, p. 3).[1] Anzalone further contends that he sustained pain and injuries from the treadmill malfunction and seeks

---

[1] The action was removed to the United States District Court for the Eastern District of Louisiana on December 13, 2012. (R. Doc. 1, p. 1).

damages in excess of $75,000. (R. Docs. 1-3, p. 3-4; 1, p. 2). Anzalone asserts an action in negligence and products liability.[2] (R. Doc. 1-4, p. 1).

As to the instant motion, Sears seeks an Order from this Court compelling Anzalone to respond to its Interrogatories and Requests for Production, which were propounded on January 10, 2013. (R. Doc. 17, p. 1). Pursuant to Rule 37, Sears scheduled a discovery conference on February 19, 2013 after thirty (30) days of no response from its initial Interrogatory and Request for Production of Document. (R. Doc. 17-5, p. 1). At the discovery conference on February 27, 2013, the two parties agreed on a two-week extension on Anzalone's responses. (R. Doc. 17-1, p. 1). Sears claims that it never received any response from Anzalone. (R. Doc. 17-1, p. 1). On April 16, 2013, Sears requested an Order from the Court compelling responses, as well as an award of reasonable attorney's fees and costs. (R. Doc. 17, p. 1). The motion is unopposed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to attain their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of

---

[2]Although Anzalone fails to assert a specific claim in the Complaint, however he does mark a box for an action in "personal injury"-"product liability" on the Civil Cover Sheet. (R. Doc. 1-4, p. 1).

discovery is committed to the sound discretion of the trial court. . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33 permits a party to propound upon another party "no more than 25 written interrogatories, including discrete subparts." *Id.* at 33(a)(1).[3] The responding party must respond within 30 days after service. *Id.* at 33(b)(2)(A). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at 33(b)(4).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must

---

[3]Under the "discrete subparts" rule, "the court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm First and Casualty Co.*, No. 11–2082, 2012 WL 520658, at *2 (E.D.La. Feb. 16, 2012). A single interrogatory that seeks information about related aspects of a party's claim does not necessarily contain discrete subparts that must be counted separately for purposes of Rule 33. *See id.,* Adv. Comm. Note to 1993 Amendments; *see also Krawczyk v. City of Dallas*, No. 3:03–CV–0584D, 2004 WL 614842, at *2 (N.D.Tex. Feb. 27, 2004) (interrogatory subparts are to be counted as discrete subparts only if they are not "logically or factually subsumed within and necessarily related to the primary question"). All 20 of Sears' Rule 33 interrogatories requested on January 10, 2013 are related and factually subsumed in their principal questions.

respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." *Id.* at 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1).

Additionally, "[i]f the motion is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5)(A). Rule 37 sanctions are ultimately guided by the purpose of reimbursing the movant and deterring further discovery violations. *See Day v. Allstate Insurance Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

### III. ANALYSIS

#### A. Merits of Motion

In support of its motion, Sears argues that it propounded Rule 33 and 34 discovery requests upon Anzalone on January 10, 2013. (R. Doc. 17-1, p. 1). Sears claims in this motion filed on April 16, 2013, that Anzalone has still failed to respond in any form. *Id.* at 1-2. Sears further contends that

4

on February 27, 2013, a Rule 37(a) discovery conference was conducted with Anzalone. *Id.* at 1. The two parties agreed to extend the Anzalone's response another two weeks in order to comply with the discovery requests. *Id.* However, after the expiration of this time period, Anzalone continued to provide no discovery. *Id.* Sears then filed the instant motion. *Id.*

The Court notes that Sears has attached a copy of the discovery requests, both dated January 10, 2013, to its motion. *Id.* The instant motion to compel, filed on April 16, 2013, arises after expiration of the 30–day production requirements under Rules 33 and 34 and after expiration of the two-week extension agreed upon on at the February 27, 2013 conference. Additionally, Sears in compliance with Rule 37, filed "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" on April 16, 2013. (R. Doc. 17-2, p. 1) (quoting Rule 37(a)(1)). The evidence indicates that Sears has made sufficient good faith effort to confer with the Anzalone.

Sears also alleges that the information requested is essential and necessary for trial. (R. Doc. 17-1, p. 1). The Court notes that Sears' requests are reasonably calculated to lead to discovery of admissible evidence. The Court further notes Sears' Rule 34 production of documents request, propounded on January 10, 2013, describes with reasonable particularity the items to be inspected. Anzalone has failed to oppose the instant motion, object to the requests, or otherwise demonstrate why he had "good cause" not to file responses. Under these circumstances, the Court finds that Sears' motion is meritorious and that it should be granted as unopposed. Anzalone shall provide full and complete responses to the requested discovery no later than 14 days after the issuance of this Order.

## B.    <u>Attorney's Fees</u>

Rule 37 provides that the Court must require the party whose conduct necessitated the motion to compel to pay the moving party the reasonable expenses incurred in making the motion, including

attorney's fees, unless the Court finds that the opposing party's nondisclosure was substantially justified, or that other circumstances make an award of expenses unjust. *See id.* at 37(a)(5)(A).

The Court finds Anzalone's failure to respond or otherwise object to Sears' discovery responses within the applicable legal delays was not substantially justified, thereby making an award of reasonable attorney's fees appropriate. *See id.* As such, Sears is awarded reasonable attorney's fees incurred in filing the instant motion.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant, Sears Roebuck and Co.'s, ("Sears") **Motion to Compel Response to Interrogatories and Requests for Production of Documents (R. Doc. 17)** is **GRANTED AS UNOPPOSED.**

**IT IS FURTHER ORDERED** that Plaintiff, Antonino F. Anzalone, ("Anzalone") shall provide full and complete responses to Sears' Rule 33 Interrogatories and Rule 34 Requests for Production of Documents, both propounded on January 10, 2013, **no later than fourteen (14) days** after the issuance of this Order.

**IT IS FURTHER ORDERED** that Sears is awarded reasonable attorney's fees incurred in filing the instant motion. Sears is to file with the Court the documentation required by Local Rule 54.2. Local Rule 54.2 requires that "[i]n all cases in which a party seeks attorneys' fees, the party must submit to the Court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed." *Id.* Additionally, Sears is required to provide the Court with (1) an affidavit attesting to their attorneys' education, background, skills and experience and (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation. Sears is required to file a motion for attorney's fees containing this information **no later than June**

**19, 2013**. Any opposition to the motion must be submitted **no later than June 26, 2013**, at which time the motion will be heard on the briefs.

New Orleans, Louisiana, this 4th day of June 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**