UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO F. ANZALONE, ET AL.                CIVIL ACTION

VERSUS                                     NO: 12-2950

SEARS ROEBUCK & CO., ET AL.                SECTION: "A" (4)

### ORDER AND REASONS

Before the Court are Sears' **Motion to Exclude Expert Testimony of John C. Gardiner (Rec. Doc. 47)** and **Motion to Exclude Expert Testimony of Harvey Carl Voris (Rec. Doc. 48).** Plaintiffs oppose the motions. The motions, scheduled for submission on October 8, 2014, are before the Court on the briefs without oral argument.

Plaintiff Tony Anzalone claims that he was injured on his home treadmill immediately after a Sears technician serviced the machine. Mr. Anzalone ultimately had total hip replacement surgery that he attributes to Sears' negligence in servicing the treadmill. This case is scheduled to be tried to a jury on December 1, 2014.

First, Sears moves to exclude Plaintiffs' engineering expert, Harvey Carl Voris. Sears contends that Voris' methodology is not reliable, his "shifting" theory contradicts other evidence, his opinions on medical causation are impermissible,

1

and his opinions regarding proximate cause constitute impermissible legal opinions.

Voris personally inspected the treadmill that allegedly injured Mr. Anzalone. If Voris' theories as to corrosion are spurious, and if his "shifting" theory is contradicted by other evidence then Sears can bring that out on cross examination for the jury to weigh. The Court does agree with Sears' contentions regarding medical causation and Voris' opinion regarding proximate cause. Therefore, of the four bullet points that summarize Voris' opinions (Rec. Doc. 48-4 at 8), point 4 is stricken in its entirety, as is the last sentence ("These discrepancies . . . .") of point 3.

Next, Sears moves to exclude the expert testimony of Plaintiffs' biomechanical engineer John C. Gardiner contending that Gardiner's methodology is not reliable, his factual assumptions are contrary to other evidence, and his theory is based on an erroneous medical diagnosis.

As with Voris, the challenges that Sears raises do not require exclusion of this expert. Sears can test the strength of Gardiner's conclusions by vigorously cross-examining him at trial. Further, the Court is not persuaded that Gardiner relied on an incorrect medical diagnosis because he clarified in his deposition that whether the diagnosis was osteoporosis or osteopenia the conclusion would be the same. (Rec. Doc. 61-3,

Exhibit C).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Exclude Expert Testimony of John C. Gardiner (Rec. Doc. 47)** is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Exclude Expert Testimony of Harvey Carl Voris (Rec. Doc. 48)** is **DENIED**.

October 22, 2014

                                      JAY C. ZAINEY
                             UNITED STATES DISTRICT JUDGE